**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **UNITED SHEET METAL, INC.,** | * |
| Plaintiff, | * |
| v. | Case No.: PWG-13-3791 |
| **FEDERAL INSURANCE CO.,** | * |
| Defendant. | * |

**MEMORANDUM OPINION**

United Sheet Metal, Inc. ("USM"), a subcontractor who performed HVAC ductwork on a project but did not receive payment, filed this payment bond claim against Federal Insurance Co., the surety on a payment bond issued on behalf of Madison Mechanical ("Madison"), the mechanical subcontractor obligated to pay Plaintiff for its work on the project. Defendant failed to file a timely response and, at Plaintiff's request, the Clerk entered Defendant's default. I must determine whether to vacate the Clerk's entry of default and to grant Defendant leave to respond, as Defendant requests.[1] Because Defendant has shown that it has a meritorious defense, I will vacate the entry of default and grant Defendant leave to respond.

The procedural background of this case is brief and straightforward: USM filed its Complaint on December 16, 2013, ECF No. 1, and served Federal Insurance Co. on December 20, 2013, ECF No. 4, such that Defendant's answer was due January 10, 2014. After Defendant

---

[1] Defendant filed a Motion to Vacate Entry of Default and for Leave to Respond, ECF No. 8, along with a Memorandum in Support and accompanying exhibits, ECF No. 8-1, to which Plaintiff has filed an Opposition, ECF No. 10. Defendant has not filed a reply, and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated in this Memorandum Opinion, Defendant's Motion is granted.

failed to file an answer or otherwise respond to Plaintiff's Complaint, Plaintiff filed a Motion for Clerk's Entry of Default on January 13, 2014. ECF No. 6. Defendant had until January 27, 2014 to respond. *See* Fed. R. Civ. P. 5(b)(2)(E) & 6(d); Loc. R. 105.2.a. The Clerk granted USM's motion on January 14, 2014, ECF No. 7, and Defendant filed the pending Motion to Vacate Entry of Default and for Leave to Respond on January 27, 2014, ECF No. 8.

According to Defendant, Plaintiff served the Maryland Insurance Commissioner, who received the Complaint and summons on December 30, 2013 and forwarded them to Defendant's resident agent via certified mail. Def.'s Mem. 2. The agent received the Complaint and summons on Thursday, January 2, 2014 and forwarded them to Defendant via Federal Express two-day delivery, such that Defendant itself received them Monday, January 6, 2014. *Id.* Defendant says that, as a result, it thought that it had until January 23, 2014 to respond. *Id.*

Rule 55(c) permits the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

> In deciding whether to set aside an entry of default, a district court should consider
>
> > whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.
>
> [*Colleton Prep. Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010),] *quoting Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). This Court has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton*, 616 F.3d at 417.

*Mavilla v. Absolute Collection Serv., Inc.*, 539 F. App'x 202, 205–06 (4th Cir. 2013).

Plaintiff only challenges whether Defendant has a meritorious defense. *See* Pl.'s Opp'n 3–7. To establish a meritorious defense, Defendant must "proffer . . . evidence which would

permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (citing *Central Operating Co. v. Utility Workers of Am.*, 491 F.2d 245, 252 n.8 (4th Cir. 1974); *Williams v. Blitz*, 226 F.2d 463 (4th Cir. 1955)).  The Court considers "'whether there is some possibility that the outcome ... after a full trial will be contrary to the result achieved by the default.'" *Id.* (quoting 10 C. Wright, A. Miller & M. Kane, *Fed. Prac. & Proc.* § 2697, at 531 (2d ed. 1983)).

Defendant sets forth two defenses that it contends are meritorious.  Def.'s Mem. 6–8. First, Defendant insists that Plaintiff's "alleged performance was deficient in several material respects." *Id.* at 7.  In support, Defendant provides the Affidavit of Robert Buczkowski.  Def.'s Mem. Ex. 3.  Mr. Buczkowski declares that "USM's performance on the Project was deficient in several significant respects including its failure to provide sufficient manpower necessary for the timely completion of its scope of work and its inability to provide equipment and materials necessary for the completion of its scope of work." *Id.* ¶ 6.  According to Mr. Buczkowski, "[a]s a result of USM's deficiencies, Madison incurred significant expenses in order to purchase equipment and materials for the completion of USM's work as well as to supplement, and in certain cases replace, USM's forces." *Id.* ¶ 7.

Plaintiff argues that Defendant fails to show a meritorious defense by providing the Buczkowski Affidavit because it "is so generic, formulaic and conclusory such that the Court cannot find in favor of Federal on its account." Pl.'s Opp'n 3.  Essentially, Plaintiff contends that the affidavit lacks specificity, *id*. at 4, insisting that *Iqbal* and *Twombly*'s pleading requirements should apply in determining whether Defendant sufficiently showed a meritorious defense, *id.* at 5.

The Buczkowski Affidavit certainly is not detailed. But, it is more than a "bald allegation"; it is evidentiary proof. *See Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 684–85 (N.D. Iowa 1995) ("There is some dispute among courts regarding how the moving party must establish a meritorious defense under this standard. The majority rule is that the defendant must make some factual showing that a meritorious defense exists. *See, e.g.*, *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (affidavits submitted by moving party established meritorious defense); [*Federal Trade Comm'n v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 n.3 (8th Cir. 1977)] (quoting district court's conclusion that more than 'bald allegations' of meritorious defense is needed); *Richmark Corp. v. Timber Falling Consultants, Inc.*, 747 F. Supp. 1409, 1412 (D. Or. 1990). Other courts apply a lower standard, requiring that the defendant merely allege facts which, if proven, would constitute a meritorious defense. *See, e.g.*, *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (meritorious defense established if assertions in answer are true)."). Further, the affidavit shows that Plaintiff may have breached its contract, such that it was not entitled to payment under the payment bond. *See In re Ashby Enters., Ltd.*, 250 B.R. 69, 72 (Bankr. D. Md. 2000) (stating that a breach of contract is "a failure without legal excuse to perform any promise which forms the whole or part of a contract" (quoting *Conn. Pizza, Inc. v. Bell Atl.-Wash., D.C., Inc.*, 193 B.R. 217, 225 (Bankr. D. Md. 1996) (quoting *Weiss v. Sheet Metal Fabricators, Inc.*, 110 A.2d 671, 675 (Md. 1955)) (quotation marks omitted))). Therefore, the Buczkowski Affidavit is sufficient to show that "there is some possibility" that Defendant would prevail at trial. *See Augusta Fiberglass*, 843 F.2d at 812.

Second, Defendant contends that there was a "pay-if-paid" provision under which Madison did not have to pay Plaintiff until the general contractor, Clark Construction Group,

paid Madison, and Clark had not paid Madison because Plaintiff's work was deficient. Def.'s Mem. 7–8. In Plaintiff's view, Defendant cannot "shelter behind a pay-if-paid provision" because "the application of a pay-if-paid provision to a surety is precluded by Maryland law." Pl.'s Opp'n 6–7. Plaintiff cites Md. Code Ann., Real Prop, § 9-113,[2] which provides:

> (b) A provision in an executory contract between a contractor and a subcontractor that is related to construction, alteration, or repair of a building, structure, or improvement and that conditions payment to the subcontractor on receipt by the contractor of payment from the owner or any other third party may not abrogate or waive the right of the subcontractor to:
>
> . . .
>
> (2) Sue on a contractor's bond.

Because Defendant is a surety, it cannot invoke the "pay-if-paid" provision as a defense to its failure to pay Plaintiff. *See* Real Prop. § 9-113. Nonetheless, through the Buczkowski Affidavit, Defendant has demonstrated a meritorious defense. *See Augusta Fiberglass*, 843 F.2d at 812.

Mindful of this Court's general preference for deciding cases on the merits and that, in this case, Defendant has shown a meritorious defense, I will vacate the entry of default and grant Defendant leave to respond. *See Mavilla*, 539 F. App'x at 205–06; *Colleton*, 616 F.3d at 417. A separate order follows.

Date:  April 29, 2014                                         /S/
                                                        Paul W. Grimm
                                                        United States District Judge

---

[2] The parties agree that "Maryland law applies to the bond in question." Pl.'s Opp'n 7 n.3; *see* Def.'s Mem. 7 n.7. Accordingly, I will apply Maryland law.